EDWARDS, Judge.
Plaintiffs, Frank T. Cacioppo and Bennie L. Ippolito, brought suit against the Tangipahoa Parish School Board claiming that defendant improperly allocated sixteenth section funds only to schools located in the ward in which the producing sixteenth section lands were located.
Plaintiffs prayed for a temporary restraining order to stop defendant from disbursing these funds and an alternative writ of mandamus directing defendant to credit all sixteenth section revenues to its general fund for the equal use and benefit of all Tangipahoa Parish Schools. Plaintiffs further sought preliminary and permanent injunctions. The trial court granted a temporary restraining order but, following trial, dissolved it at plaintiffs’ cost. Plaintiffs appeal. We affirm.
The record shows that defendant deposits sixteenth section funds in the Tangipahoa Parish School Board general fund. The duly elected school board then, pursuant to *345 a policy it has chosen to follow, keeps a record of how much sixteenth section revenue is produced by each ward and then disburses those particular funds, as needed, only to the schools within the ward from which the particular sixteenth section funds were generated.
Appellants urge that this policy violates LSA-R.S. 17:59, LSA-R.S. 30:154 and LSA-R.S. 41:718.
LSA-R.S. 17:59 provides:
“The general school fund of the parish school boards shall consist of the state public school fund, police jury appropriations, and such other school funds as may be provided in the constitution or other laws of the state, except such as are appropriated or designated for special purposes.
No special advantage shall be given out of the general school funds to the high schools. Buildings, additions to buildings, repairs, supplies, sites, and equipment may be provided out of the general funds. Communities desiring better facilities and longer sessions than can be provided by a distribution of the general funds giving equal session to all schools shall secure the same by voting special taxes or obtaining funds from other sources than the public or the general school funds.”
LSA-R.S. 30:154 provides, in pertinent part:
“C. In all cases where sixteenth section or school indemnity lands are leased, either by the State Mineral Board or the school board, all funds realized from these leases shall be paid to the school board of the parish where the lands are situated and credited to the current school fund of that parish, except that in the case of school indemnity lands, the lease shall be made by the State Mineral Board only and the funds credited to the parish school board entitled thereto.
D. In all cases where title to land exclusive of sixteenth section or school indemnity lands has been acquired by a school board for the benefit of a particular school or school district, funds realized from a lease of such lands either by the school board or the mineral board, shall be paid to the school board. The school board shall credit these funds to a special account and apply them to the uses of the particular school for whose benefit the grant was made.
If the particular school specified in the grant no longer exists, the funds shall be placed in the general fund of the school board.”
LSA-R.S. 41:718 provides, in pertinent part:
“A. In all eases of the lease of sixteenth section school lands, or of the sale of the timber thereon, the cash payment after deducting sufficient amount to cover the actual expenses incurred by the election and making the sale or lease, shall be credited to the account of the current school fund of the parish where the sixteenth section school lands are located. Notes representing deferred payments shall be placed in the hands of the parish school treasurer for collection, and when collected also credited to the current school fund of the parish, to be used for general school purposes.”
The statutes in question only require that the sixteenth section funds be deposited in the school board’s general fund. This has been done.
It is true that, thus far, defendant has limited how the properly deposited funds will be disbursed. But defendant is free to change its policy and even spend all the funds on schools in plaintiffs’ ward. How a school board, comprised of elected officials, spends its money is, within great limits, discretionary. See Op.Atty.Gen., Feb. 7, 1974. Clearly, plaintiffs’ remedy is in the political arena, not with this court.
For the foregoing reasons, the trial court judgment is affirmed and plaintiffs’ petition is dismissed. All costs, both trial and appellate, are to be paid by Frank T. Ca-cioppo and Bennie L. Ippolito.
AFFIRMED.